

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN

~~XXXXXXXXXXX XXXXXXXXX~~
~~JOHN BEN SHEPPERD~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Homer Garrison, Jr.
Director
Department of Public Safety
Austin, Texas

Attention: J. B. Draper, Chief
          Certificate of Title Division

Dear Sir:

                                        Opinion No. O-3154
                                        Re: Registration of new motor vehicles
                                            by county tax collector when appli-
                                            cation for certificate of title has
                                            been made in another county.

          We acknowledge receipt of your letter of February 10, 1941, in which you request the opinion of this department upon the following situation:

"This Department desires an opinion whether it is permissible, under the facts set forth, for the county tax collectors to permit owners of new motor vehicles to register in one county and file applications for Certificates of Title in another county."

          The letter which you enclosed from Mann Fuller, Tax Assessor-Collector of Gregg County states that the Humble Oil Company seeks to regis-ter motor vehicles in Gregg County and send their manufacturers' certificates to their home office in order to apply for certificate of title in the county in which it is located. Mr. Fuller also states that he has been advised by the Tax Collector of Rusk County that he has followed this procedure in the registration of motor vehicles and has permitted applicants for new license plates to send their manufacturers' certificates to their home offices.

          We enclose a copy of Opinion No. O-2050 rendered by this depart-ment which reveals that the registration laws of Texas permit registration of a motor vehicle by either the person having legal title, legal possession, or legal control of said motor vehicle. In other words, a motor vehicle may be registered in the county of domicile of the person having legal possession or legal control of said vehicle although the person holding legal title to said vehicle resides in another county.

          The Texas Certificate of Title Act is contained in Vernon's Anno-tated Penal Code of Texas and designated Article 1436-1. Section 63(b) reads as follows:

"The department or any agent thereof, shall not after the first of January, 1942, register or renew the registration of any motor vehicle, unless and un-til the owner thereof shall make application for and be granted an official certificate of title for such vehicle or present satisfactory evidence that a certificate of title for such vehicle has been previously issued to such owner by the Department. Provided, however, this shall not apply to

automobiles which were purchased prior to January 1, 1936."

Since the above section, by its own terms, does not become operative until January 1, 1942, the clear inference is that neither the Department of Public Safety nor any of its agents shall require, prior to January 1, 1942, that application for and granting of an official certificate of title be made before the vehicle is registered. Further, it appears that Article 1436-1 requires that application for certificate of title be made by the "owner" in the county of his domicile and section 4 of said article defines the term "owner" as follows:

"The term 'owner' includes any person, firm, association, or corporation other than a manufacturer, importer, distributor, or dealer claiming title to, or having a right to operate pursuant to a lien on a motor vehicle after the first sale as herein defined, except the federal government and any of its agencies, and the State of Texas, and any governmental subdivision or agency thereof not required by law to register or license motor vehicles owned or used thereby in this State."

From the provisions above referred to it is clear that the requirements of Article 6675a, Vernon's Revised Civil Statutes, the registration law, and of Article 1436-1, the certificate of title act, not only are not aprallel but bear no similarity whatever. Furthermore, it appears that by the specific terms of Article 1436-1, a tax collector is prohibited from requiring that application for certificate of title be made before registration of motor vehicles, up to January 1, 1942. After January 1, 1942, a tax collector should require that certificate of title be us sed upon a vehicle before it is registered, unless that vehicle was purchased prior to January 1, 1936, but he cannot require that certificate of title be issued in the same county in which the vehicle is sought to be registered. The procedure followed by the tax collector of Rusk County is proper and complies with both the registration laws and the certificate of title law. Depending upon the fact situation existent at the time, motor vehicle may be registered in the county of the domicile of the holder of legal title or in the county of domicile of the person in legal possession or legal control of the vehicles.

It is therefore the opinion of this department that prior to January 1, 1942, tax collectors should register new motor vehicles without requiring the production of a manufacturer's certificate and application for certificate of title. It is further the opinion of this department that, dependent upon the fact situation, motor vehicles may be registered in one county and application for certificate of title issued in either the same county or in another county.

Yours very truly

RC:db:egw
Enclosure
APPROVED FEB 21, 1941
/s/ GERALD C. MANN
ATTORNEY GENERAL OF TEXAS

ATTORNEY GENERAL OF TEXAS

By /s/ Ross Carlton

Ross Carlton
Assistant

Approved
Opinion Committee
By B W B Chairman